```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION


CHRISTOPHER R. LIVINGSTON,       )
                                 ) Cause No.
        Plaintiff,               ) 1:11-CV-01615-TWP-TAB
                                 ) Indianapolis, Indiana
   vs.                           ) March 19, 2013
                                 ) 1:02 p.m.
CAROLYN COLVIN,                  )
                                 )
        Defendant.               )
```

**Before the Honorable**
**TANYA WALTON PRATT**

OFFICIAL REPORTER'S TRANSCRIPT OF
ORAL ARGUMENT

EXCERPT - RULING

```
Court Reporter:              David W. Moxley, RMR, CRR, CMRS
                             United States District Court
                             46 East Ohio Street, Room 340
                             Indianapolis, Indiana  46204
```

PROCEEDINGS TAKEN BY MACHINE SHORTHAND
TRANSCRIPT CREATED BY COMPUTER-AIDED TRANSCRIPTION

**APPEARANCES:**

| | |
|---|---|
| **For Plaintiff:** | Timothy J. Vrana, Esq.<br>628 3rd Street<br>P.O. Box 527<br>Columbus, IN  47202 |
| **For Defendant:** | Thomas E. Kieper, Esq.<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>Suite 2100<br>10 West Market Street<br>Indianapolis, IN  46204<br><br>James B. Geren, Esq.<br>(via telephone)<br>Office of the General Counsel,<br> Chief Counsel, Region V<br>Social Security Administration<br>30th Floor<br>200 West Adams Street<br>Chicago, IL  60606 |

1           (In open court.)

2        * * *   EXCERPT   * * *

3      (Recess at 1:29 p.m., until 1:38 p.m.)

4           THE COURT:  We are back on the record.  Counsel, thank you both for your arguments.  They were very helpful. At this time, the Court is prepared to issue a ruling.  And I'm going to read and issue the ruling very slowly because the court reporter is doing stenography.

          As you are both aware, the standard of review, which the Court must consider, is found in *Blakes v. Barnhart*, 331 F.3d 565 at 568, which is a 2003 decision from the Seventh Circuit.  In that case, the Court held that the Court must uphold the administrative law judge's decision if substantial evidence supports his findings.  Substantial evidence requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

          In *Denton v. Astrue*, at 596 F.3d 419 at 425, which is Seventh Circuit, 2010, that case provides that the administrative law judge is obligated to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.  *Denton* goes on to say, "If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected.  The ALJ, however, need not mention every piece of evidence so long

1 as he builds a logical bridge from the evidence to the
2 conclusion."
3 　　　　Further, the Commissioner's decision will only be
4 reversed if it is not supported by substantial evidence or if
5 the ALJ applied an erroneous legal standard.  And that's from
6 *Clifford v. Apfel*, 227 F.3d 863 at 869, Seventh Circuit, 2000.
7 The Court's role is extremely limited.  Clifford goes on to
8 say, "To determine whether substantial evidence exists, the
9 court will not reweigh evidence, resolve conflicts, decide
10 questions of credibility, or substitute its own judgment for
11 that of the Commissioner."
12 　　　　The factual and medical background in our case is as
13 follows:  Christopher Livingston applied for disability
14 benefits under the Social Security Act on March 28th, 2008.
15 The application was denied initially and after
16 reconsideration.  After a hearing before Administrative Law
17 Judge Albert Velasquez, V-e-l-a-s-q-u-e-z, on April 20th of
18 2010, Mr. Livingston received an unfavorable decision that was
19 issued on September 21st, 2010.  The Appeals Council denied
20 review and Mr. Livingston filed a timely complaint in this
21 Court on December 7, 2011.  Mr. Livingston's alleged onset
22 date is January 1, 1993.
23 　　　　Mr. Livingston claims his ability to work is
24 impaired by autism.  He has been diagnosed with several
25 disorders and has received treatment since the age of three

1 years old.  He received SSI benefits from June 1993 through
2 January 1998.  He alleges he was two years and 11 months old
3 at the time of his onset date, and he was 20 years old at the
4 time of the hearing.  At the time of the hearing,
5 Mr. Livingston was taking on-campus and on-line courses at Ivy
6 Tech Community College, was involved in Vocational
7 Rehabilitation Services, and for two months he had worked as
8 an intern for two hours a day.
9              The ALJ found that Mr. Livingston suffered from the
10 following severe impairment:  A pervasive development
11 disorder, which has been variously described as attention
12 deficit disorder, obsessive-compulsive disorder, Asperger's
13 disorder, and autism spectrum disorder.  Mr. Livingston does
14 not contest this ALJ finding.
15             The ALJ found that this impairment did not meet or
16 medically equal one of the listed impairments and that he has
17 the residual functional capacity to perform work with the
18 following limitations:  Must be simple and repetitive in
19 nature; cannot require more than superficial interaction with
20 co-workers, supervisors, or the general public; and must not
21 require production-like quotas.  Pertinent to this appeal, the
22 administrative law judge also found that Mr. Livingston has
23 moderate limitations in social functioning and with
24 concentration, persistence, and pace.
25             To determine what jobs are available to

Mr. Livingston, the ALJ asked the vocational expert the following question, which can be found at docket 14-2 at 50: Ms. Brown, let's assume a hypothetical person of the claimant's age, education, and work experience; has no exertional limitations; however, work should be simple and repetitive in nature; should not require more than superficial interaction with the general public, co-workers or supervisors; and should not require production-like quotas. Given that residual functional capacity, is there any such -- any work such a person could do?

Based upon the VE's answer, the administrative law judge found that Mr. Livingston could perform a significant number of jobs in the national economy and was therefore not disabled. This is the only finding challenged by Mr. Livingston.

Mr. Livingston has argued that the ALJ erred by not specifically including in its findings that he needed supervision, and that he had limitations in concentration, persistence, and pace in the residual functional capacity assessment or the hypothetical question to the vocational expert. The Commissioner has argued that the ALJ never made a specific finding that Mr. Livingston needed supervision; only that he gave great weight to the medical expert's opinion in that regard.

The Commissioner further argues that the ALJ's

finding of limitations in concentration, persistence, and pace was made under the Step Three analysis and not part of Mr. Livingston's RFC assessment.

The Seventh Circuit has stated repeatedly in cases such as *Jelinek,* J-e-l-i-n-e-k, *v. Astrue*, which is at 662 F.3d 805 at 813, and this is a 2011 decision; and *O'Connor-Spinner v. Astrue*, which is at 627 F.3d 614 at 619, a 2010 decision -- in these cases, the Court, the Seventh Circuit, has held that the ALJ must provide vocational experts with a complete picture of a claimant's residual functional capacity, and vocational experts must consider deficiencies of concentration, persistence, and pace.

*O'Connor-Spinner* also stated that, "Our cases, taken together, suggest that the most effective way to ensure that the vocational expert is apprised fully of the claimant's limitations is to include all of the limitations directly in the hypothetical."

First of all, the Court agrees with the Commissioner that the ALJ did not make a finding that Mr. Livingston required extra supervision. The ALJ's analysis states that great weight was assigned to the state agency's opinion that Mr. Livingston needed extra supervision, and the record indicates that this evidence was considered when the final determination was made that Mr. Livingston had mild limitations in activities of daily living.

1            When you look at docket 14-2, at pages 25 and 26,
2    the ALJ discusses the state agency's opinions, including
3    Mr. Livingston's need for extra supervision, and that he
4    considers Mr. Livingston's testimony.  At the conclusion of
5    his analysis, the ALJ states, "Based on the information
6    provided in Mr. Livingston's testimony and in the written
7    record of evidence, the claimant has mild limitations in
8    activities of daily living."  The ALJ never states that he is
9    adopting, as a finding, that Mr. Livingston needed extra
10   supervision.
11           Turning to the second issue, whether the ALJ should
12   have included in its finding that Mr. Livingston has
13   limitations in concentration, persistence, and pace, the
14   Seventh Circuit has steadfastly affirmed the rule that in most
15   cases... employing terms like, "simple, repetitive tasks" on
16   their own will not necessarily exclude the vocational expert's
17   consideration -- I'm sorry, will not necessarily exclude from
18   the vocational expert's consideration those portions that
19   present significant problems of concentration, persistence, or
20   pace.
21           And the Court reviewed *Stewart v. Astrue,* 561 F.3d
22   679, where in 2009 the Seventh Circuit held restricting
23   hypothetical to simple, routine tasks did not account for
24   limitations of concentration, persistence, or pace.  In
25   *Kasarsky*, K-a -- *Kasarsky*, K-a-s-a-r-s-k-y, *v. Barnhart,* at

335 F.3d 539, this is a 2003 Seventh Circuit case where the Court held phrasing a hypothetical as involving an individual of borderline intelligence does not account for limitations of concentration or pace. *Craft v. Astrue*, 539 F.3d 668, a 2008 Seventh Circuit case, the Court stated, "Restricting the hypothetical to unskilled work did not consider difficulties with memory, concentration, or mood swings." The Seventh Circuit has declined to extend the general rule of including the terms "concentration, persistence, or pace" to a per se requirement.

For example, quoting from *O'Connor-Spinner*, the Court stated, "A hypothetical question that omits the terms 'concentration, persistence, and pace' will be sufficient 'when it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform. We most often have done so when a claimant's limitations were stress or panic related and the hypothetical restricted the claimant to low-stress work.'"

In our case today, the Commissioner raised an argument that the hypothetical question adequately included Mr. Livingston's limitations in concentration, persistence, and pace by using the language, "simple, repetitive tasks." However, in his briefing, the Commissioner did not make that argument, and the argument today is not well developed.

In the briefing, the Commissioner argued that the hypothetical question in the AL judge's residual functional capacity findings are consistent and that this case is unlike *O'Connor-Spinner*. And that is at docket 14-2 at 27. The ALJ's residual functional capacity finding was, "that the claimant should engage in simple and repetitive work with only superficial interaction with co-workers, supervisors, or the general public, and the work should not require production-like quotas." Notably, it did not specifically include the Step Three finding that Mr. Livingston had moderate limitations with concentration, persistence, and pace.

In the briefing, the Commissioner cited *Allbritten v. Astrue*, A-l-l-b-r-i-t-t-e-n, which is not precedent, and it's an unpublished, unappealed Northern District of Indiana case to support its position that the ALJ's finding of limitations in concentration, persistence, and pace was made under Step Three and not as part of the residual functional capacity determination. In that case, *Allbritten*, the Court found that the residual functional capacity and Step Three findings were distinct and the hypothetical question did not need to include Step Three findings to be sufficient.

Mr. Livingston submits that this case was wrongly decided, and contends that the court's reasoning makes little sense; otherwise, an ALJ could find some material limitations,

not include them in the RFC assessment, ask a hypothetical question identical to the RFC assessment, deny the claim, and be affirmed on appeal.  With all due respect to Judge Lee, the Court agrees with Mr. Vrana's argument that Mr. Livingston's argument is more so based in sound policy.

Mr. Livingston continues by arguing that according to *Young v. Barnhart,* if an RFC does not include all of a plaintiff's material limitations, then the resulting hypothetical question is fundamentally flawed.  In *Young* -- which is cited at 362 F.3d, 995, pages 1003 through 1005.  This is a 2004 Seventh Circuit case.  In *Young*, the Court held that when RFC -- when the RFC assessment does not include all limitations supported by medical evidence, a hypothetical question based on the incomplete RFC is also flawed.  This Court agrees that the ALJ in this case failed to consider all of Mr. Livingston's material limitations in the residual functional capacity assessment and in the hypothetical question.

*O'Connor-Spinner* instructs that the phrase, "simple, repetitive tasks" does not adequately capture limitations in concentration, persistence, and pace, and that analysis applies in this case.  The ALJ's decision suggests that he believed the RFC did fully capture Mr. Livingston's limitations.  And the Court bases that on docket 14-2 at 27 when the ALJ lists -- states, "listing limitations and

1  immediately making RFC determination."  Therefore, the case is
2  remanded to correct this error.
3         In conclusion, the Court finds there was no error
4  for the ALJ to omit Mr. Livingston's need for extra
5  supervision from the RFC and hypothetical question, because
6  the ALJ did not make a specific finding that Mr. Livingston
7  needs extra supervision.  However, the RFC and hypothetical
8  question is not supported by substantial evidence in the
9  record, because the ALJ failed to include Mr. Livingston's
10 moderate limitations in concentration, persistence, and pace
11 when he gave the hypothetical question to the vocational
12 expert.
13        For the reasons stated on the record, the Court is
14 required to remand this case to the ALJ for further
15 consideration.  On remand, the ALJ shall include in the
16 hypothetical question posed to the vocational expert
17 Mr. Livingston's moderate difficulties in maintaining
18 concentration, persistence, or pace, as well as any other
19 limitations supported by medical evidence in the record.
20        And that is the Court's ruling.  Any questions,
21 Counsel?
22        MR. VRANA:  No, Your Honor.  Thank you.
23        MR. GEREN:  No.
24        THE COURT:  All right.  Thank you, Lawyers, very
25 much for your argument.  The Court will issue a minute entry

1  in this regard today.  And the court reporter, who, for the
2  record, is David Moxley, will file a written transcript of the
3  Court's ruling once it's transcribed, and that will be
4  docketed as the official order of the Court.
5            Anything further?
6            MR. VRANA:  No, Your Honor.
7            MR. KIEPER:  No, Your Honor.
8            MR. GEREN:  No, Your Honor.
9            THE COURT:  Thank you all very much.
10           MR. GEREN:  Thank you.
11           THE COURT:  We can go off the record.
12           (Proceedings concluded at 1:57 p.m.)
13
14                  CERTIFICATE OF COURT REPORTER
15
16      I, David W. Moxley, hereby certify that the
17  foregoing is a true and correct transcript from
18  reported proceedings in the above-entitled matter.
19
20
21
22  /S/ David W. Moxley                    March 21, 2013
    DAVID W. MOXLEY, RMR/CRR/CMRS
23  Official Court Reporter
    Southern District of Indiana
24  Indianapolis Division
25