UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER R. LIVINGSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-01615-TWP-TAB |
| ) | |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

This matter is before the Court on the Petition by Plaintiff Christopher R. Livingston ("Mr. Livingston") for an award of attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (Dkt. 31). Mr. Livingston applied for Supplemental Security Income ("SSI") based on severe mental impairments associated with autism. His application was denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ"). The Appeals Council denied review, and Mr. Livingston prevailed on judicial review when this Court remanded his case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) (Dkt. 30). For the reasons discussed below, Mr. Livingston's Petition for Attorney Fees Under the Equal Access to Justice Act (Dkt. 31) is **GRANTED**.

### I. DISCUSSION

The EAJA provides that a successful litigant against the federal government is entitled to recover attorney's fees if: (1) he was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there existed no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court. 28 U.S.C. §

2412(d)(1)(A),(B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Mr. Livingston was the prevailing party and his fee application was filed timely. His counsel seeks compensation for 36.5 hours of attorney time at the rate of $184.22 per hour for a total of $6,724.03. The Commissioner objects to the award of attorney fees on the basis that the Commissioner's position was substantially justified.[1]

### A.  The Commissioner's position was not substantially justified.

The Commissioner has the burden of establishing that her position was substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Supreme Court has defined "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In *Pierce,* the Court emphasized that "a position can be justified even though it is not correct . . . if it has a reasonable basis in law and fact." *Id*. at 566 n.2; *see also Mogg v. Astrue*, 266 Fed. Appx. 470 (7th Cir. 2008). To evaluate whether the government's position was substantially justified, the court looks at the agency's pre-litigation position and then makes one determination as to the entire civil action. *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011).

In finding that this case should be remanded, the Court noted that the ALJ's hypothetical posed to the Vocational Expert ("VE") omitted Mr. Livingston's moderate deficiencies in concentration, persistence and pace, despite the ALJ's finding of such limitation, and that the phrase "simple, repetitive tasks" does not adequately capture limitations in concentration, persistence and pace. Dkt. 28 at 11-12. The Commissioner argues that her position was not unreasonable, and was supported by persuasive authority in six district court decisions. However, the Commissioner ignores binding precedent that states that limiting a worker to simple, repetitive work does not necessarily address deficiencies in concentration, or persistence

---

[1] The Commissioner does not object to the requested hourly rate increase, nor to the amount of time expended.

and pace, and that "the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620-21 (7th Cir. 2010).  The Commissioner did not argue that either of the two exceptions to this general rule applied, and instead relied upon the six district court cases to support her argument.  The formulation of the hypothetical given to the VE contradicted judicial precedent because it failed to include all limitations supported by evidence in the record, and the Seventh Circuit has determined that the Commissioner's defense of such a hypothetical lacks substantial justification.  *Stewart v. Astrue*, 561 F.3d 679, 684-84 (7th Cir. 2009).  Therefore, the Court finds that the Commissioner's position was not substantially justified, and Mr. Livingston is entitled to an award of attorney's fees under the EAJA.

**B.     Mr. Livingston is entitled to additional fees for litigating his EAJA petition**

Mr. Livingston requests an additional $681.61 based upon 3.7 hours spent researching and writing the Reply to the Commissioner's objection to his EAJA petition.  In finding that a prevailing litigant may recover the costs of litigating an EAJA fee petition, the Supreme Court has stated that:

> [t]he EAJA . . . provides district courts discretion to adjust the amount of fees for various portions of the litigation . . . . The purpose and legislative history of the statute reinforce our conclusion that Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute.

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 165-66 (1990).  The Court finds that the amount of additional time expended on drafting the Reply brief is reasonable, and therefore Mr. Livingston is entitled to an award for this additional amount.

## II.     CONCLUSION

Mr. Livingston's Petition for Attorney Fees Under the Equal Access to Justice Act (Dkt. 31) is hereby **GRANTED**.  For the reasons set forth above, the Court finds the amount of

$6,724.03 in attorney's fees plus $681.61 for litigating the EAJA petition, for a total of $7,405.64, to be reasonable. The Court awards to Mr. Livingston attorney's fees and costs under 28 U.S.C. § 2412(d) in the amount of $7,405.64, and the Commissioner shall direct that the award be made payable to Mr. Livingston's counsel consistent with the assignment in the record (Dkt. 32-2).

**SO ORDERED.**

Date: 12/03/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Timothy J. Vrana
tim@timvrana.com

James B. Geren
OFFICE OF GENERAL COUNSEL
SOCIAL SECURITY ADMINISTRATION
james.geren@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov